UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FREDERICK D. MARTIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:21-cv-00858 |
| v. | ) | |
| | ) | |
| LT. E. HILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Frederick D. Martin, an inmate of the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Lt. E. Hill and Nurse Stetmanson, alleging violations of Plaintiff's civil rights. (Doc. No. 1). Plaintiff also submitted an untitled filing regarding the incident on June 3, 2021. (Doc. No. 7).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

I.  **Supplement to the Complaint**

Subsequent to filing his complaint, Plaintiff submitted an untitled filing to the Court on a standard motion form. (Doc. No. 7). In this filing, Plaintiff provides additional details regarding the incidents described in the complaint. The filing does not include any new allegations or defendants.

The Court construes this additional filing as a supplement to the complaint. The Court will screen the original complaint, as informed by Plaintiff's supplement, pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A.

1

## II. PLRA Screening Standard

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed in forma pauperis, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement. 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings

2

Case 3:21-cv-00858   Document 11   Filed 01/11/22   Page 2 of 11 PageID #: 45

drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### IV. Alleged Facts

The complaint alleges that, on June 2, 2021 at approximately 10:00 AM, while incarcerated at TTCC, Plaintiff was talking to his aunt on the telephone. During this conversation, Plaintiff told his aunt that Lieutenant Hill had "slammed another inmates [sic] head against the wall outside [Plaintiff's] cell the day before." (Doc. No. 1 at 5, 11). According to Plaintiff, Lieutenant Hill overheard what Plaintiff said and told Plaintiff that "he gone [sic] teach [Plaintiff] about snitching." (Doc. No. 7 at 2). An hour later, Lieutenant Hill "slammed" Plaintiff "by his neck" and "punched [Plaintiff] in the face 5 times" with a closed fist while Plaintiff was restrained in handcuffs. (Doc. No. 1 at 11, Doc. No. 7 at 1-2). Lieutenant Hill "put his knee in [Plaintiff's] neck after punching [him]." (Doc. No. 7 at 1). Plaintiff told Hill that Plaintiff could not breathe, and Hill replied, "Yeah I know" and continued to apply pressure to Plaintiff's neck. (Id.)

It took Nurse Stetmanson three hours to arrive after the incident. According to the complaint, Nurse Stetmanson "denied any real medical attention." (Doc. No. 7 at 2). Instead, Nurse Stetmanson "just visually 'looked' through a door and denied [Plaintiff] any Tylenol." (Id.) "There

was blood pouring out [Plaintiff's] lip and [his] jaw was swollen and [his] back was hurting." (Id. at 11). Plaintiff believes that Nurse Stetmanson failed to "thoroughly assess" Plaintiff. (Id.) Nurse Stetmanson asked a few questions and did not stitch Plaintiff's lip even though the split "was all the way through inside and out." (Id.) To date, Plaintiff has not received any treatment for his injuries. He believes Nurse Stetmanson committed "medical negligence." (Id. at 5).

V.     Analysis

The complaint alleges claims of excessive force and retaliation against Lieutenant Hill and a claim of deliberate indifference to medical needs against Nurse Stetmanson. Both Defendants are sued in their individual and official capacities. (Doc. No. 1 at 2).

   A.     **Excessive Force**

The complaint alleges that Plaintiff was the victim of excessive force on June 3, 2021 by Lieutenant Hill.

Under the Eighth Amendment, which applies to convicted prisoners,[1] an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" Cordell v. McKinney, 759 F.3d 573, 580 (6th Cir. 2014) (quoting Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." Cordell, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The heightened Eighth Amendment standard acknowledges that "'[t]he maintenance of prison security and discipline may require that inmates

---

[1] The complaint indicates that Plaintiff is a convicted and sentenced state prisoner. (Doc. No. 1 at 4).

be subjected to physical contact actionable as assault under common law.'" Id. (quoting Combs v. Wilkinson, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." Cordell, 759 F.3d at 581 (citing Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)). "'When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident.'" Id. (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)) (alteration in original). A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. Wilkins, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). In the end, a determination of what constitutes "unnecessary and unwanton infliction of pain," is "contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8.

Here, the complaint alleges facts that support a colorable excessive force claim against Lieutenant Hill in his individual capacity. According to Plaintiff, Lieutenant Hill punched Plaintiff in the face multiple times with a closed fist while Plaintiff was restrained in handcuffs, slammed Plaintiff by his neck, and restrained Plaintiff by putting his knee on Plaintiff's neck, impeding

Plaintiff's ability to breathe. Further, the complaint alleges that Plaintiff sustained multiple injuries as a result of Hill's actions. This claim shall proceed for further development.

Plaintiff also sued Lieutenant Hill in his official capacity. Plaintiff's official-capacity claim against Hill, who is alleged to be a CoreCivic employee, is essentially a claim against CoreCivic itself. See Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (citing Ky. v. Graham, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). CoreCivic is the private corrections management firm that operates TTCC. Because CoreCivic "performs the traditional state function of operating a prison," CoreCivic "acts under the color of state law for purposes of § 1983." Thomas v. Coble, 55 F. App'x 748, 748 (6th Cir. 2003) (citing Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996)). Unlike the state, however, CoreCivic is not entitled to Eleventh Amendment immunity and may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." O'Brien v. Mich. Dep't of Corr., 592 F. App'x 338, 341 (6th Cir. 2014); see also Mason v. Doe, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

To hold CoreCivic liable, a plaintiff cannot rely on the theory of respondeat superior or vicarious liability. See Street, 102 F.3d at 818. Instead, a plaintiff must allege that his "'constitutional rights were violated and that a policy or custom' of [CoreCivic] 'was the moving force behind the deprivation of [his] rights." Savoie v. Martin, 673 F.3d 488, 494 (6th Cir. 2012) (quoting Miller v. Sanilac Cnty., 606 F.3d 240, 255 (6th Cir. 2010)). Here, the complaint makes no such allegation regarding a "policy or custom" of CoreCivic. Thus, the complaint fails to state

an excessive force claim against CoreCivic, and Plaintiff's official-capacity claim against Lieutenant Hill will be dismissed.

### B. Retaliation

The complaint alleges that Lieutenant Hill physically attacked Plaintiff in retaliation for Plaintiff disclosing to his aunt that Lieutenant Hill had engaged in excessive force against another inmate.

A prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. Thaddeus-X v. Blatter, 175 F.3d 378, 388 (6th Cir. 1999). To establish a prima facie case of retaliation within the context of Section 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. Id. at 394-99. A plaintiff has the burden of proof on all three elements, Murray v. Unknown Evert, 84 F. App'x 553, 556 (6th Cir. 2003). In addition to proving a retaliatory motive, a plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than de minimis harm resulting from it. See Ingraham v. Wright, 430 U.S. 651, 674 (1977); Thaddeus-X, 175 F.3d at 396.

The Court finds that Plaintiff's allegations of retaliation are sufficient to state a nonfrivolous claim of First Amendment retaliation against Lieutenant Hill in his individual capacity. First, Plaintiff's conversation with his aunt is protected speech under the First Amendment. See Horn v. Hunt, No. 2:15-cv-220, 2015 WL 5873290, at *5-6 (S.D. Ohio Oct. 8, 2015) ("[C]ourts have recognized that an inmate's exercise of First Amendment rights is not limited solely to filing grievances or accessing the courts") (citing cases).

Second, the adverse action of being subjected to a physical assault would deter a person of ordinary firmness from continuing to engage in the protected conduct. See Thaddeus-X, 175 F.3d at 398 (adverse action "threshold is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed").

Third, Plaintiff alleges that his physical assault by Hill soon followed Plaintiff's reporting of Hill's actions to his aunt. Further, Plaintiff alleges that Hill told Plaintiff he would teach Plaintiff about snitching. See Hill v. Lappin, 630 F.3d 468, 475-76 (6th Cir. 2010) (retaliatory motive can be supported by circumstantial evidence including "the disparate treatment of similarly situated individuals or the temporal proximity between the prisoner's protected conduct and the official's adverse action"). Of course, Plaintiff will bear the burden of supporting his allegations with evidence as this case progresses, but these allegations are sufficient to survive the screening required by the PLRA.

For the same reasons outlined by the Court above, the retaliation claim against Lieutenant Hill in his official capacity fails to state a claim upon which relief can be granted under Section 1983. That claim will be dismissed.

### C. Deliberate Indifference to Medical Needs

The complaint alleges that Nurse Stetmanson failed to provide proper medical treatment for the injuries Plaintiff sustained after Lieutenant Hill's alleged attack.

The Eighth Amendment requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. See Grubbs v. Bradley, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). That is because "[t]he Eighth Amendment to the United States Constitution imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be 'barbarous,' nor may it contravene society's 'evolving

8

Case 3:21-cv-00858   Document 11   Filed 01/11/22   Page 8 of 11 PageID #: 51

standards of decency.'" McKissic, 2020 WL 3496432, at *3 (quoting Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981)). Under the Eighth Amendment, prison officials cannot engage in conduct that causes the "unnecessary and wanton infliction of pain." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting Rhodes, 452 U.S. at 346).

Failure to provide medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. See Estelle, 429 U.S. 97, 104 (deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994) (same); Comstock, 273 F.3d at 703 (there is no dispute that "psychological needs may constitute serious medical needs.") (citation omitted). A claim of deliberate indifference to a prisoner's medical or mental health needs under the Eighth Amendment has both an objective and subjective component. Rouster v. Cnty. of Saginaw, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." Id. (quoting Farmer, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id. Deliberate indifference "entails something more than mere negligence," Farmer, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id.

Under these standards, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions

sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. In addition, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Id. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. Estelle, 429 U.S. at 107. In sum, generally speaking, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." Comstock, 273 F.3d 693, 703.

Here, even assuming for purposes of this initial review that Plaintiff was suffering from serious medical needs after the alleged attack, the complaint does not allege that Nurse Stetmanson acted with deliberate indifference to Plaintiff's needs. Although Plaintiff may believe that it took too long for Nurse Stetmanson to arrive on the scene, that Nurse Stetmanson failed to "thoroughly assess" Plaintiff, and that Nurse Stetmanson failed to provide certain medical treatment to Plaintiff, the complaint does not allege that Nurse Stetmanson "subjectively perceived facts from which to infer substantial risk to [Plaintiff], that he did in fact draw the inference, and that he then disregarded that risk." Rouster, 749 F.3d 437, 446. Indeed, the complaint describes Nurse Stetmanson's actions as "medically negligent." (Doc. No. 5). And as noted above, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not

10

become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.

Consequently, the Court finds that the complaint fails to state an Eighth Amendment deliberate indifference to serious medical needs claim under Section 1983 against Nurse Stetmanson in his individual capacity. That claim will be dismissed.

Further, Plaintiff has not stated a colorable Eighth Amendment claim against Lieutenant Hill in his official capacity, for the same reasons discussed above, and that claim also will be dismissed.

**VI.    Conclusion**

Having conducted the initial screening required by the PRLA, the Court finds that the complaint states a colorable Eighth Amendment excessive force claim and a colorable First Amendment retaliation claim under Section 1983 against Lieutenant Hill is his individual capacity. These claims will proceed for further development.

All other claims and named Defendants will be dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE