IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FREDERICK D. MARTIN | ) | |
| | ) | |
| v. | ) | NO. 3:21-00858 |
| | ) | |
| LT. E. HILL | ) | |

**TO:** Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered January 11, 2022 (Docket Entry No. 12), this *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment filed by Defendant Emond Hill (Docket Entry No. 35), to which Plaintiff has not responded. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and this case be dismissed.

## I. BACKGROUND AND COMPLAINT

Frederick Martin ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Trousdale Turner Correctional Center ("Trousdale") in Hartsville, Tennessee. He filed this lawsuit on November 15, 2021, seeking monetary relief under 42 U.S.C. § 1983 for claims that his federal constitutional rights were violated at Trousdale.

*See* Complaint (Docket Entry No. 1) and Supplement (Docket Entry No. 7). Plaintiff alleges that he was physically assaulted on June 3, 2021, by Emond Hill ("Defendant" or "Hill"), who was a correctional officer at Trousdale at the time. He alleges that Hill slammed, punched, and kneed him for no reason, injuring his lip, jaw, and back. Plaintiff further alleges that, an hour prior to the attack, Hill threatened him after overhearing Plaintiff tell a family member on the telephone about Hill's assault on another inmate. Plaintiff alleges that he failed to receive prompt and adequate medical attention after the assault.

Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court found that Plaintiff stated (1) an arguable claim that Hill violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and (2) an arguable claim that Hill attacked Plaintiff as retaliation against Plaintiff because of Plaintiff's exercise of his First Amendment rights. *See* Memorandum (Docket Entry No. 11) at 4-8. All other claims raised by Plaintiff were dismissed. *Id*. at 11.

After Defendant filed an answer, a scheduling order was entered that provided for a period of pretrial activity in the case. *See* Docket Entry Nos. 21 and 24. A jury trial is demanded, but a trial has not been scheduled pending resolution of the motion for summary judgment. There are no motions pending in the case other than Defendant's motion for summary judgment.

## II. MOTION FOR SUMMARY JUDGMENT

On September 21, 2022, Defendant filed his motion for summary judgment. The motion is supported by a memorandum of law (Docket Entry No. 35), a statement of undisputed material facts (Docket Entry No. 36), Defendant's own declaration (Docket Entry No. 38), and the

2

declarations, and exhibits attached thereto, of Trousdale Warden Martin Frink (Docket Entry No. 37) and Trousdale Grievance Coordinator Elizabeth Lopez (Docket Entry No. 39).

Defendant acknowledges that an incident occurred on June 3, 2021, during which he used minimal physical force against Plaintiff. Defendant contends that Plaintiff became combative and physically resisted being transported to a different cell by Defendant and another officer. Defendant asserts that Plaintiff was forced to the ground after he started to push and pull away from the officers and further that he disobeyed orders to comply. Defendant asserts that after Plaintiff remained non-compliant and began to kick Defendant in the leg, Defendant used an "empty hand technique" to control Plaintiff. Defendant asserts that Plaintiff spit on him after being placed in the new cell and that medical personnel promptly responded. Warden Frink asserts that the incident was documented through a "Use of Force Report," that Defendant was not disciplined in any manner after the incident, and that the medical documents completed after the incident shows that Plaintiff suffered only a minor injury to his lip.

Defendant's first summary judgment argument is that Plaintiff failed to administratively exhaust his retaliation claim because he did not raise it as part of a prison grievance prior to filing the instant lawsuit. Defendant next argues that the undisputed facts do not support a claim that he used excessive force against Plaintiff in violation of the Eighth Amendment but, instead, show that Defendant used only minimal force as was necessary to gain control over Plaintiff and complete the cell transfer. Defendant finally argues that there are no facts supporting a claim that he retaliated against Plaintiff in any manner.

By Order entered September 22, 2022 (Docket Entry No. 40), Plaintiff was notified of the need to respond to the motion and given a deadline of November 19, 2022, to file a response.

3

Despite being given more time to respond than the 21-day time period provided for by Local Rule 56.01(a), Plaintiff has not filed a response of any kind to the motion and has not taken any other action in the case since the motion for summary judgment was filed.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir. 2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the

4

motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## IV. ANALYSIS

A. Exhaustion of Administrative Remedies

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies before filing a lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). If there is a grievance procedure available to inmates, the prisoner plaintiff must present his grievance through "one complete round" or through all the steps of the administrative grievance procedure in order to satisfy the exhaustion requirement. *See Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81 (2006); *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). The failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must raise and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Once the defense of failure to exhaust is raised and supported, the burden is on the prisoner plaintiff to present evidence showing that he has complied with the PLRA's requirement of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

B. Constitutional Standards

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate, *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), and the unjustified infliction of bodily harm upon a prisoner by a prison guard

5

gives rise to a claim under 42 U.S.C. § 1983. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992). Within the unique context of the prison setting, however, the maintenance of prison security and discipline may require that inmates be subjected to uses of force that would be actionable outside the prison setting. *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002). Accordingly, proving an Eighth Amendment excessive force claim requires a prisoner plaintiff to show that he was subjected to an action that rises to the level of constitutional magnitude. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). The core judicial inquiry whenever a prison official is accused of using excessive physical force against a prison inmate in violation of the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 6-7 (quoting *Whitley*, 475 U.S. at 320-21).

Because the Eighth Amendment does not protect against ordinary torts or claims of negligence, such a claim requires proof of a level of objective severity and mental culpability that is necessary to implicate constitutional protections. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 1993). The objective component "requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The subjective component "focuses on the state of mind" of the defendant, *Williams*, 631 F.3d at 383, and requires an inquiry into whether the evidence shows that the use of force at issue was directed toward a good-faith effort to maintain or restore discipline or was done maliciously and sadistically to cause harm. *Hudson*, *supra*. In making this inquiry, courts may consider "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley*, 475 U.S. at 321. Courts may also consider the circumstances "as

6

reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." *Id*.

A prison inmate retains First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974). Among these rights is the right to pursue grievances and lawsuits against prison officials. *Pell*, 417 U.S. at 822; *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). Accordingly, prison officials cannot retaliate against a prison inmate based upon the inmate's exercise of his First Amendment rights. *See Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005); *Smith v. Campbell*, 250 F.3d 1032, 1036-37 (6th Cir. 2001); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

C. Plaintiff's Claims and Summary Judgment

Although Plaintiff's allegations were sufficient to permit his claims against Defendant to survive initial review, he has not responded to Defendant's motion for summary judgment and has not provided the Court with evidence supporting his claim and rebutting the motion. After review of the record that is before the Court, the Court finds that no genuine issues of material fact exist that require resolution at trial and that summary judgment should be granted to Defendant on both claims.

When a motion for summary judgment is properly supported under Rule 56, such as Defendant's motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence that supports his claims and that establishes the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*,

7

285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

Plaintiff has not satisfied this threshold obligation. He has not responded to the motion for summary judgment, has not rebutted Defendant's evidence or arguments, and has not supported his claim with any affirmative evidence. This is so even though the Court specifically advised Plaintiff of the need to respond to the motion when it set his deadline to respond. Additionally, Plaintiff has not responded to Defendant's Statement of Undisputed Facts, as required by Rule 56.01(c) of the Local Rules of Court. His failure to respond "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Local Rule 56.01(g). The Court is therefore permitted to rely upon the facts set forth by Defendant as the undisputed facts.

Plaintiff's First Amendment retaliation claim must be dismissed because Plaintiff has not shown that he exhausted his available administrative remedies for the claim prior to bringing the claim in this lawsuit. Administrative exhaustion is required by 42 U.S.C. § 1997e(a). Defendant has produced evidence that (1) a three step procedure exists at Trousdale that allows inmates to file grievances for issues relating to their conditions of confinement, and, (2) the grievance Plaintiff filed about the alleged attack by Defendant failed to raise any issue touching upon retaliation. *See* Declaration of Lopez at ¶¶ 3-8; Statement of Undisputed Facts at ¶¶ 1-2. In the face of this evidence, Plaintiff must rebut Defendant's exhaustion defense by presenting "significant probative evidence" showing compliance with the PLRA. *See Napier*, *supra*. Plaintiff has not set forth any evidence meeting this burden.

With respect to the merits of Plaintiff's claims, he has likewise failed to produce any evidence that supports his claims and that would allow a reasonable jury to find in his favor. The undisputed evidence shows that Plaintiff was non-compliant with verbal orders and became physically combative when Defendant Hill and another officer attempted to move Plaintiff to another cell. *See* Defendant's Statement of Undisputed Facts at ¶¶ 3-6. The evidence further shows that minimal force was applied in order to gain control over Plaintiff, and there is no evidence supporting a conclusion that Defendant acted with malice or that his use of force was unrestrained and excessive. *Id.* Given the undisputed facts that are before the Court, there is insufficient evidence from which a reasonable jury could find that Plaintiff's Eighth Amendment rights were violated by Defendant Hill. A valid penological purpose existed for Defendant's use of force against Plaintiff, who was non-compliant and physically combative. The force used was reasonable and measured given the circumstances that existed. There is simply no evidence

9

supporting a conclusion that the force used against Plaintiff was gratuitous or malicious in violation of the Eighth Amendment. *See Hudson*, 503 U.S 6-7.

There is also an absence of any evidence supporting the merits of Plaintiff's claim of retaliation. To succeed on his claim, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the alleged attack by Defendant. *Murray v. Unknown Evert*, 84 Fed.App'x. 553, 556 (6th Cir. Dec. 8, 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Given the Court's finding that the undisputed evidence shows that a valid penological purpose existed for Defendant's minimal and measured use of force against Plaintiff and the complete lack of any affirmative evidence from Plaintiff in support of his allegation of retaliation, Defendant should be granted summary judgment on this claim as well.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion for summary judgment filed by Defendant Emond Hill (Docket Entry No. 35) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing

to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge